IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                          CRIMINAL 07-0547 (ADC)

[17] RAFAEL GALÁN-OLAVARRÍA

Defendant

OPINION AND ORDER

This matter is before the court on defendant Rafael Galán-Olavarría's second sealed ex-parte motion filed on August 4, 2009 requesting the production of certified documents from the F.B.I and the United States Attorney's Office. (Docket No. 1869.) On October 28, 2009, the government responded to the defendant's motion. (Docket No. 1985.) For the reasons set forth below the defendant's motion is GRANTED.

I. BACKGROUND

On May 3, 2009, the defendant filed a sealed ex-parte motion (Docket No. 1711). The same was granted on June 11, 2009. (Docket No. 1770.) Accordingly, on June 24, 2009 a sealed order was issued (Docket No. 1791) instructing the Puerto Rico Police Superintendent to produce and deliver by hand, with prior notice of such delivery, to counsel for the defendant, Frank D. Inserni Milam, no later than July 10, 2009 at 4:30 P.M., the following documents:

CRIMINAL 07-0547 (ADC)                    2

    (a)    Certified copies of the pages of the entry and exit book kept at the San Juan Strike Force precinct for May 30, June 4, 5, and 8, 2007.

    (b)    Certified copies of the pages of the "confidential vehicles entry or book" kept at the San Juan Strike force and/or the Puerto Rico Police General Headquarters containing any and all entries of vehicles assigned to Agent Jorge Cedeño on May 30, June 4, 5, and 8, 2007.

    (c)    Certified copies of the pages of the Index of Intelligence and Index of Complaints prepared by and kept at the San Juan Strike Force Precinct and the Río Piedras Precinct for May 30, June 4, 5 and 8, 2007.

    (d)    Certified Copies of any and all sworn statements related to intelligence gathering prepared and kept by the Río Piedras Precinct and/or the San Juan Strike Force pertaining to the searches and seizures and arrests performed at Buildings 40 and 41 of El Prado Housing Project on June 8, 2007.

(Docket No. 1791.)

On August 4, 2009, the defendant filed a second sealed ex-parte motion in which he claims that some of the documents were not produced as ordered. (Docket No. 1869.) The only documents produced by Sgt. Luana A. Colón Vega were: (1) the certified copies of the entry and exit book kept at the San Juan Strike Force precinct for May 30, June 4, 5, and 8, 2007; and (2) the certified copies of the pages of the index of intelligence and index of complaints prepared by and kept at the Río Piedras Precinct, but none for the San Juan Strike Force.

CRIMINAL 07-0547 (ADC) 3

(Id. at 2, ¶¶ 2 & 4.)  As to the documents described in paragraph (b), the defendant states that they were not produced because according to Sgt. Colón they are not kept.  (Id. at 2, ¶ 3.)  As to the sworn statements mentioned in paragraph (d), the defendant claims that according to Sgt. Colón they could not be obtained from the San Juan District Attorney's Office and the San Juan Superior Court despite her efforts.  (Id. at 3, ¶ 6.)  As such, the defendant requests that the court order the F.B.I, the Police Superintendent and the prosecution to produce the missing documents.  (Id. at 5, ¶ 12.)  Also, the defendant requests that they also produce additional documents besides those that were already ordered to be produced by the court.  (Id.)  The defendant argues that these new documents also contain impeachment information as to facts already contained in Agent Cedeño's sworn statement.  (Id. at 6, ¶ 13.) The government responded to the defendant's request on October 28, 2009.  (Docket No. 1985.)  In its motion the government claims that all material regarding Agent Cedeño has been provided to the defendant's counsel for the pending Franks hearing.  (Id. at 4, ¶ 2.)  The government argues that any further inquiry besides the documentation already provided by Sgt. Colón is immaterial to the defendant's guilt.  (Id.)  As to the defendant's request for the sworn statements, the government has made no objection regarding their production since it believes

CRIMINAL 07-0547 (ADC)                          4

that they are completely unrelated to the search conducted on June 8, 2007.  (Id. at 4, ¶ 3.)

## II.  ANALYSIS

### A.  IMPEACHMENT EVIDENCE

"The government has an affirmative duty to disclose exculpatory evidence known to it.  Even absent a defense request it is not absolved of this obligation." Orena v. United States, 956 F. Supp. 1071, 1090 (E.D.N.Y. 1997) (citing United States v. Agurs, 427 U.S. 97, 108-10 (1976); United States v. Bagley, 473 U.S. 667, 682 (1985)).  Evidence that is material to the impeachment of the credibility of a government witness is exculpatory and must be disclosed.  United States v. Bagley, 473 U.S. at 678.  "Impeachment evidence may make the difference between conviction and acquittal . . . . "  Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003) (citing Giglio v. United States, 405 U.S. 150, 154 (1972)).  Examples of impeaching evidence that are material to guilt or innocence include a promise of leniency made to a government witness in exchange for testimony, prior conduct that would suggest a motive to lie, prior false testimony, or prior inconsistent statements relating to the facts of the case.  See Giglio v. United States, 405 U.S. at 150.

"An Assistant United States Attorney using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment

CRIMINAL 07-0547 (ADC)                5

information requested regarding the witness." United States v. Osorio, 929 F.2d 753, 761 (1st Cir. 1991).  "It is clear, for example, that any information possessed by any member of the United States Attorney's Office may be attributed to the prosecution." United States v. Ramos-Cartagena, 9 F. Supp. 2d 88, 90-91 (D.P.R. 1998) (citing United States v. Boyd, 833 F. Supp. 1277, 1352 (N.D. Ill. 1993).  "The 'prosecution' also includes police officers, federal agents, and other investigatory personnel who participated in the investigation and prosecution of the instant case." United States v. Ramos-Cartagena, 9 F. Supp. 2d at 91 (citing United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992); Carey v. Duckworth, 738 F.2d 875, 878-79 (7th Cir.1984)).  However, "[t]he government does not have a duty to seek out . . . evidence not in its possession or constructive possession." Orena v. United States, 956 F. Supp. at 1090 (citing United States v. Beaver, 524 F.2d 963, 966 (5th Cir. 1975).

## B.  APPLICATION

The sealed order issued on June 24, 2009, stated in detail the documents that needed to be produced.  However, some but not all of the original documents requested by the defendant were produced.  The Superintendent of the Police Department of Puerto Rico had the obligation of disclosing the evidence in its possession as requested and ordered by this court.  Despite of this, I cannot say that the failure of producing all of the documents that were requested was made

CRIMINAL 07-0547 (ADC)                    6

willingly or in bad faith since not all of them could be produced because they were not in the possession of either the San Juan Strike Force or the Río Piedras Precinct.  Nevertheless, if for any reason these documents are in the possession of the prosecution, which would include the F.B.I. or anyone else who participated in the investigation and prosecution of this case, they are to be produced.  The documents which I refer to are:  1) the copies of the pages of the "confidential vehicles entry or book" kept at the San Juan Strike force and/or the Puerto Rico Police General Headquarters containing any and all entries of vehicles assigned to Agent Jorge Cedeño; and 2) of any and all sworn statements related to intelligence gathering prepared and kept by the Río Piedras Precinct and/or the San Juan Strike Force pertaining to the searches and seizures and arrests performed at Buildings 40 and 41 of El Prado Housing Project on June 8, 2007.  The same however cannot be said for not producing certified copies of the pages of the index of intelligence and index of complaints prepared by and kept at the San Juan Strike Force, since there is not any indication that these documents were not in their possession.  Thus, the Superintendent of the Puerto Rico Police Department is not relieved from its duty of producing these documents.

As to the new documents requested by the defendant, they also need to be produced in order to preserve the defendant's Fifth Amendment right to present a defense, to be properly prepared for trial and for any suppression hearing, to

CRIMINAL 07-0547 (ADC)				7

effective assistance of counsel, and to discover impeachment material under <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995). The government made no objections as to the documents that the defendant now requests. It only argued that any further inquiry besides the documentation already provided by Sgt. Colón would be immaterial to the defendant's guilt. As the First Circuit has held "[a] criminal defendant is entitled to . . . impeachment evidence, in the government's possession, and is not expected to take the government at its word as to the materiality of that evidence." <u>United States v. González-González</u>, 258 F.3d 16, 24 n.3 (1st Cir. 2001). Therefore, the Puerto Rico Police Superintendent, the F.B.I. and the United States are hereby ordered to produce and deliver by hand, with prior notice of such delivery, to counsel for defendant, Frank D. Inserni Milam, no later than November 24, 2009, at 4:30 P.M., the following documents:

(a) Copies of any and all rough notes taken, prepared or produced by any and all of the agents enumerated in Exhibit 1 hereto, including FBI SA Ricardo Martinez of the intelligence gathering for May 30, June 4, 5, 6 & 7, 2007 and the subsequent execution of the three search warrants and arrest performed at El Prado Housing Project's apartments 70 (Building 14) 195 & 196 (Building 40) on June 8, 2007.

(b) Copies of any and all photographs taken by any and all police officers or FBI agents on May 30, June 4, 5, 6 & 7 and/or 8, 2007 at the above enumerated apartments and their respective vicinities with the names of the person taking the

CRIMINAL 07-0547 (ADC)                    8

              photographs, the supervisor of the photographer and the date and hour of each photograph.

   (c)   Copies of any and all reports of surveillance, investigation and/or supervision by any and all the P.R. police agents, P.R. police supervisors and/or FBI agents or Task force agents regarding the surveillance, searches and arrests that took place between May 30 and June 8, 2007, at El Prado Public Housing Project in Rio Piedras.

   (d)   Certified Copies of any and all sworn statements related to intelligence gathering prepared and kept by the San Juan Strike Force pertaining to the searches and seizures and arrests performed at Buildings 40 and 41 of El Prado Housing Project on June 8, 2007.

### III. CONCLUSION

In view of the above defendant Rafael Galan-Olavarria's second sealed ex-parte motion is GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of November, 2009.

                              S/ JUSTO ARENAS
                      Chief United States Magistrate Judge